**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FRANK GREENE, | ) | 3:23-cv-00453 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LILA D GRIMES, PEARL A. GREENE, | ) | |
| WELLS FARGO BANK, STATE OF | ) | |
| CONNECTICUT, ALLAN K. GRIMES, | ) | |
| *and* STATE OF NORTH CAROLINA | ) | March 29, 2024 |
| *Defendants*. | ) | |

**RULING ON DEFENDANTS' MOTIONS TO DISMISS AND MOTION FOR SUMMARY JUDGMENT, AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Sarala V. Nagala, United States District Judge.

Plaintiff Frank Greene, proceeding *pro se*, alleges that three members of his family—his sister Defendant Lila Grimes, brother-in-law Defendant Allan Grimes, and aunt Defendant Pearl Greene—conspired to sell three co-owned Norwalk, Connecticut properties without his knowledge in 2002. Plaintiff further alleges that Defendant Wells Fargo Bank ("Wells Fargo") assisted his family in the scheme by executing a fraudulent mortgage on one property, which he did not discover until 2017. Plaintiff was evicted from one of these properties in 2021; he alleges that Defendant State of Connecticut failed to adequately protect his property interests in connection with this eviction and that Defendant State of North Carolina illegally allowed Lila and Allan Grimes to use money earned from their illegal conversion of one of the Connecticut properties to purchase a property in North Carolina.

For the following reasons, the Court GRANTS all dispositive motions filed by Defendants: the motions to dismiss filed by Allan Grimes (ECF No. 38), Lila Grimes (ECF No. 39), State of Connecticut (ECF No. 71), State of North Carolina (ECF No. 74), and Wells Fargo

(ECF No. 77); and the motion for summary judgment filed by Pearl Greene (ECF No. 62).  The Court DENIES IN PART and GRANTS IN PART Plaintiff's motion for leave to amend (ECF No. 144), as it will deny Plaintiff leave to file the proposed second amended complaint ("SAC"), but will provide Plaintiff one additional opportunity to amend his complaint to address the deficiencies identified in this ruling, consistent with the Court's holdings about which claims can proceed and which cannot.  The Court DENIES Plaintiff's remaining motions for summary judgment and related motions (ECF Nos. 84, 88, 97, 102, 104, 105, 131) as moot or premature.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Although the claims of *pro se* litigants are afforded "special solicitude," *see Tracy v. Freshwater*, 623 F.3d 90, 100 (2d Cir. 2010), Plaintiff's allegations in this case have been particularly difficult to discern.  Plaintiff's first two complaints were only three pages long and were accompanied by more than one hundred pages of scattered exhibits.  *See* Compl., ECF No. 1; Am. Compl., ECF No. 11.  The Court dismissed the first complaint without prejudice to refiling for Plaintiff's failure to sign the pleading and provide his address, email, and phone number as required by Federal Rule of Civil Procedure 11(a).  *See* ECF No. 7.  The Court then dismissed Plaintiff's second complaint for failure to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8.  *See* ECF No. 13.[1]  Plaintiff then filed a third complaint which the Court allowed to proceed to service.  *See* Am. Compl., ECF No. 14 (referred to in this ruling as the "amended complaint").

In essence, Plaintiff alleges that he and his sister Lila Grimes co-owned three Norwalk, Connecticut properties pursuant to an October 4, 2002, deed from their father Frank Greene, Sr.:

---

[1] The Court also directed Plaintiff to consult with the Federal *Pro Se* Program at New Haven Legal Assistance Association, but he says he was not accepted because he no longer lives in Connecticut.  *See* ECF No. 14-1.

2 Third Street, 16 Snowden Street, and 39 Harbor Avenue. *Id.* at 1. On December 27, 2002, however, Lila Grimes signed a deed and transferred the three properties to their mother, Mary Lillian Greene, without legal authority or Plaintiff's knowledge. *Id.* In 2003, Lila Grimes, along with Pearl Greene (Plaintiff's aunt), executed a mortgage with Wells Fargo on 16 Snowden Street—which Plaintiff did not discover until 2017. *Id.* at 2. Throughout, State of Connecticut assisted Plaintiff's family members in the fraud because the state did not inform Plaintiff of any of the above transactions. *Id.* at 3.

At some point in time, Lila Grimes sold 39 Harbor Avenue, retained the proceeds, and purchased a new home in State of North Carolina with her husband, Allan Grimes. *Id.* at 3. Plaintiff claims that he informed State of North Carolina of the fraud, and that the state removed him as the power of attorney for Mary Lillian Greene. *Id.*

On December 17, 2019, Mary Lillian Greene, through an attorney, commenced a summary process eviction action against Plaintiff to remove him from 2 Third Street. *See* Def. Conn.'s Attach. A, Summ. Process (Eviction) Compl., *Mary Lillian Greene v. Frank Greene, Jr., et al.*, NWH-CV19-6005481-S, ECF No. 71-1 at 22.[2] Plaintiff accuses Lila Grimes of removing Plaintiff as their mother's power of attorney approximately three months prior to initiating the eviction action. *See* Pl.'s Mot. Summ. J. against Def. North Carolina, ECF No. 102 at 2–3. In his answer to the summary process eviction action, Plaintiff asserts that he "co-own[s] the property, I am not a tenant." Appx. at 3, Dec. 24, 2019, Answer. Plaintiff then moved to stop the sale of the property "until all action involving Frank Greene Jr. vs Lillian Greene and/or Lila

---

[2] The Court takes judicial notice of several documents filed in state court, "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Global Network Comm's, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1999)). The Court cites to state court documents provided by Defendants, and to other state court filings obtained from the Connecticut Superior Court attached in the Appendix to this ruling.

Grimes (Lillian Greene's fiduciary, Lillian's daughter, Frank Jr.'s sister) involving ownership of 2 Third Street is complete."  Appx. at 8, Feb. 25, 2020, Mot. Stop Sale.

After a bench trial, judgment was entered against Plaintiff on March 12, 2020.  *See* Order, ECF No. 71-1 at 27.  In his filings, Plaintiff claims neither Mary Lillian Greene nor her attorneys "attend[ed] the trial" and "did not argue against deed."  *See* Appx. at 13, Nov. 5, 2020, Mot. Dismissal of Eviction.  On March 19, 2020, Plaintiff appealed the eviction judgment to the Connecticut Appellate Court.  *See* Appeal Form, ECF No. 71-1 at 28–30.

Three days after appealing the eviction judgment, Plaintiff separately sued Mary Lillian Greene and Defendant Lila Grimes in Connecticut Superior Court alleging fraud for the conveyance of the three properties through the December 2002 deed.  *See* Def. Conn's Attach. B, Docket, *Frank Greene, Jr. v. Lila D. Grimes, et al*, FST-CV-20-5023124-S, ECF No. 71-1 at 41–44; Compl., ECF No. 71-1 at 45–49.

On August 14, 2020, the Connecticut Appellate Court dismissed the eviction appeal, and on November 12, 2020, denied Plaintiff's motion for reconsideration.  *See* Orders, ECF No. 71-1 at 31–32.  While the motion for reconsideration was pending, Plaintiff moved the Connecticut Superior Court to dismiss the eviction and, in the alternative, for a stay of execution of the judgment.  Plaintiff repeated his argument that he was not a tenant.  *See* Appx. at 13, Nov. 5, 2020, Mot. Dismissal of Eviction ("2 Third St. has never been used as a rental property."); *see also* Appx. at 19, Nov. 5, 2020, Mot. Stay Execution (claiming the October 2002 deed transferring ownership of the properties was fraudulent).  The Connecticut Superior Court denied Plaintiff's motions because, "[w]hile [Frank Greene Jr.] may have filed a separate law suit claiming civil remedies, the eviction can take place . . . as possessory rights are separate from the rights being adjudicated in the civil law suit."  Nov. 6, 2020, Order, ECF No. 71-1 at 36.

4

Plaintiff was subsequently removed from 2 Third Street on January 16, 2021, in accordance with the summary process judgment. *See id.* at 38.

On May 23, 2022, in the state civil action, the Connecticut Superior Court granted Mary Lillian Greene and Lila Grimes' motion for summary judgment and found that Plaintiff's civil claims were barred by collateral estoppel, and in the alternative, the statute of limitations. Order, ECF No. 71-1 at 75. The court held that:

> Plaintiff's challenge to the validity of the operative deed is barred by collateral estoppel. Judge Spader in a final judgment necessarily decided that the deed was valid in the summary process trial in which he concluded plaintiff was not co-owner of one of three properties conveyed by the same deed in 2002. The validity of the 2002 deed was actually litigated and necessarily determined by the judgment . . . . Any claim plaintiff may assert that claims ownership of the properties conveyed by the 2002 deed upheld by Judge Spader is barred by collateral estoppel. In any event, plaintiff's claims related to the validity of the 2002 deed are barred by the statutes of limitation.

*Id.* After the order was entered, Plaintiff moved for disqualification of the superior court judge and for transfer to a different judicial district claiming, among other items, that there had been a conflict of interest. *Id.* at 76–78. According to Plaintiff, the law firm that had represented Lila Grimes had been allowed "to profit" from the validation of the deed, and had offices "next door" to the housing court; in addition, the law firm that represented Lila Grimes was allegedly the "law firm" for Plaintiff's father's probate judge. *See* Pl.'s Mot. Disqual., ECF No. 71-1 at 76; *see also* Pl.'s Mot. Transfer, ECF No. 71-1 at 80; ECF No. 14 at 3. The motion for disqualification was denied, but it appears the court never ruled on Plaintiff's motion for transfer filed on July 1, 2022. *See* Order, ECF No. 71-1 at 79 (ruling on Plaintiff's motion for disqualification); Docket, ECF No. 71-1 at 44; *see also* Case Detail, *Frank Greene, Jr. v. Lila D.*

*Grimes, et al*, FST-CV-20-5023124-S.[3]  In addition to failing to inform Plaintiff of the allegedly fraudulent conveyances, Plaintiff claims the State of Connecticut violated his rights in the summary process proceedings by evicting him without due process and refusing to hear his injunction requests, and in the civil proceedings by allowing Lila Grimes not to answer discovery requests, entertaining the summary judgment motion after a dispositive motions deadline, and allowing his father's probate judge to serve as Lila Grimes' attorney.  ECF No. 14 at 3.

On April 7, 2023, Plaintiff commenced this action in federal court over the same three properties.  Plaintiff does not cite any statute or other provision of law, but the Court and Defendants liberally construe Plaintiff as bringing claims for theft, fraud, and violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.  As relief, Plaintiff seeks full ownership of 2 Third Street from Lila Grimes; that Lila Grimes and Pearl Greene sell 16 Snowden Street and provide Plaintiff all proceeds; that Lila Grimes and Allan Grimes sell their North Carolina home and provide Plaintiff all proceeds; that the State of North Carolina, State of Connecticut, and Wells Fargo pay him punitive damages; and that all Defendants be held "responsible" for all fees, taxes, commissions, closing cost and/or payments of any kind."  *Id.* at 4.

All six Defendants have filed dispositive motions.  Allan Grimes, Lila Grimes, the State of Connecticut, the State of North Carolina, and Wells Fargo each move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and/or Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *See* ECF Nos. 38 (Allan Grimes), 39 (Lila Grimes), 71 (State of Connecticut), 74 (State of North Carolina), 77 (Wells Fargo).  Pearl Greene moved for summary judgment on Plaintiff's claims.  ECF No. 62.

---

[3] https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FSTCV205023124S (last accessed March 29, 2024).

Plaintiff has moved for leave to amend and file a proposed second amended complaint ("SAC").  ECF No. 144.  Plaintiff has also moved to add an exhibit as part of his response to State of Connecticut's motion to dismiss.  ECF No. 105.  Last, Plaintiff has filed six motions for summary judgment against all Defendants.  ECF Nos. 84 (against Pearl Greene and Lila Grimes), 88 (against Lila Grimes, Allan Grimes, and Pearl Greene), 97 (against Wells Fargo), 102 (against State of North Carolina), 104 (against State of Connecticut), 131 (against all Defendants for acting as a "racketeering enterprise").

The Court proceeds by addressing Defendants' motions to dismiss, followed Pearl Greene's motion for summary judgment, Plaintiff's motion for leave to amend, and Plaintiff's remaining motions for summary judgment.

## II.    DEFENDANTS' MOTIONS TO DISMISS

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction.  A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted.  When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Moreover, the Court bears in mind that a *pro se* litigant's filings must be liberally construed to raise the strongest arguments they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *see also Tracy*, 623 F.3d at 101 (collecting cases regarding the "special solicitude" afforded to *pro se* litigants).

B. <u>Allan Grimes</u>

The Court finds that Plaintiff fails to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6) against Allan Grimes because his claims are barred by collateral estoppel, and otherwise fail to state a plausible claim for relief.

Plaintiff's amended complaint contains very few allegations about Allan Grimes. Principally, it appears Plaintiff alleges that Lila Grimes purchased a home in North Carolina for herself and Allan Grimes with what Plaintiff claims are ill-gotten gains from the illegal sale of 39 Harbor Avenue. The underlying premise of these allegations is that Lila Grimes did not lawfully possess 39 Harbor Avenue at the time she sold it. For the reasons explained below, Plaintiff is barred from litigating this issue under the doctrine of collateral estoppel.

"Collateral estoppel bars relitigation of an issue that has already been fully and fairly litigated in a prior proceeding," and "applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 400 (2d Cir. 2011) (internal quotation marks and citation omitted). "[M]utuality of the parties is not a prerequisite for the application where, as here, a losing party raises identical issues in consecutive judicial proceedings." *Brandon v. NPG Records, Inc.*, 840 F. App'x 605, 609 (2d Cir. 2020) (summary order) (citing *Wilder v. Thomas*, 854 F.2d 605, 621 (2d Cir. 1988) (holding that a defendant may "invoke defensive collateral estoppel even though they were not parties" in the prior action because "[t]he central question is whether the plaintiffs have had their day in court, and the answer here is 'yes'")). The Court may take judicial notice

of state court documents as part of its application of collateral estoppel on a motion to dismiss. *See Williams v. New York City Housing Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

Collateral estoppel bars Plaintiff's claims against Allan Grimes because his claims rest on a finding that the December 2002 deed conveying all three properties to Plaintiff's mother was fraudulent; a prior court rejected this exact argument after a full and fair hearing on the matter. In Plaintiff's eviction proceedings, the court found after a bench trial that Plaintiff did not own 2 Third Street, which was one of the properties conveyed in the 2002 deed.  In rejecting Plaintiff's defense that he owned the property, the court necessarily found that the December 2002 deed which conveyed that property from Lila Grimes to Mary Lillian Greene was valid.

Plaintiff's claims in this action against Allan Grimes relate to a different property than 2 Third Street, but rest on the validity of the same 2002 deed, which also conveyed 16 Snowden Street and 39 Harbor Avenue to Plaintiff's mother.  In finding that Plaintiff did not own 2 Third Street, the eviction court necessarily determined that the 2002 deed effectuated a valid transfer of ownership rights of 2 Third Street to Plaintiff's mother, as Plaintiff's defense to the eviction was that *he* owned 2 Third Street because the 2002 deed was invalid.  Because the 2002 deed was valid as to the transfer of 2 Third Street, it was also valid as to the other two properties— including 39 Harbor Avenue—as Plaintiff's defense was that the deed was invalid as a whole. For this reason, in Plaintiff's civil action, the Connecticut Superior Court found that the eviction court's prior finding bars other claims related to all three properties.  *See* Def. Allan Grimes' Ex. B, May 23, 2022, Order, *Frank Greene, Jr. v. Lila D. Grimes, et al*, FST-CV-20-502312-S, ECF No. 38-1 at 11 ("Judge Spader in a final judgment necessarily decided that the deed was valid in the summary process trial in which he concluded plaintiff was not co-owner of one of three

properties conveyed by the same deed in 2002.  The validity of the 2002 deed was actually litigated and necessarily determined by the judgment. . . .).

There is no reason to think that the bench trial did not provide Plaintiff a full and fair opportunity to litigate this issue.  Plaintiff also pursued an appeal and a motion for reconsideration of the appellate court's decision, as well as a post-judgment motion to dismiss and in the alternative stay the eviction.  Plaintiff raises vague concerns that the Superior Court allowed him to be evicted "without due process" and did not hear his requests for injunctive relief.  *See* ECF No. 14 at 3.  These allegations are highly conclusory and, as such, do not cast doubt on the conclusion that Plaintiff had a full opportunity to litigate the validity of the December 2002 deed in the bench trial.  Moreover, Plaintiff's argument that the bench trial only determined the validity of the deed with respect to 2 Third Street does not hold water.  While the eviction court was tasked with deciding whether Plaintiff should be evicted from 2 Third Street, it necessarily had to examine the deed as a whole.  As a result, Plaintiff has had his day in court, such that Plaintiff's claims against Defendant Allan Grimes are barred by collateral estoppel.

Even if collateral estoppel did not bar Plaintiff's claims against Allan Grimes, however, his allegations fall far short of stating a plausible claim for relief.  Plaintiff's response to Allan Grimes' motion to dismiss characterizes his allegations as theft.  The Court therefore examines whether Plaintiff has stated a claim for relief for conversion or civil theft under Connecticut law.

Under Connecticut law, conversion is the "unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights." *Vossbrinck v. Eckert Seamans Cherin, and Mellott, LLC*, 301 F. Supp. 3d 381, 387 (D. Conn. 2018) (quoting *Aetna Life & Cas. Co. v. Union Trust Co.*, 230 Conn. 779, 790 (1994)).  There are two types of conversion, the first which occurs where "possession of the allegedly converted

goods is wrongful from the outset," and the second which "arises subsequent to initial rightful possession." *Maroun v. Taro*, 35 Conn. App. 391, 396 (Conn. App. Ct. 1994).   Plaintiff's complaint concerns the first, as he alleges that Lila Grimes' "ownership" of the three properties was unlawful from the moment the 2002 deed fraudulently conveyed the properties. Nonetheless, the complaint contains no allegations upon which to infer that *Allan* Grimes—as opposed to Lila Grimes—is liable for the tort of conversion.   There are simply no allegations that Allan Grimes ever assumed, or exercised the right of ownership over, any of the properties. Thus, this claim is not plausibly alleged against Allan Grimes.   *See Vossbrinck*, 301 F. Supp. 3d at 390 ("If the defendant never had actual or constructive possession over the property of another, that ends the matter." (quoting *Hartford Ice Co. v. Greenwoods Co.*, 61 Conn. 166 (1891)).

Similar to the tort of conversion, in Connecticut civil theft makes liable for treble damages "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property."  Conn. Gen. Stat. § 52-564.  "The elements of civil theft are [ ] largely the same as the elements to prove the tort of conversion, but theft requires a plaintiff to prove the additional element of intent over and above what he or she must demonstrate to prove conversion." *Sullivan v. Delisa*, 101 Conn. App. 605, 620 (Conn. App. 2007).  Because Plaintiff has failed to plausibly allege the tort of conversion against Allan Grimes, Plaintiff's claim for civil theft fails by necessity.  *See Vossbrinck*, 301 F. Supp. 3d at 391 ("For the same reasons that Plaintiff's conversion claim fails, his civil theft fails too."); *see also Kopperl v. Bain*, 23 F. Supp. 3d 97, 109 (D. Conn. 2014) (holding "it necessarily follows that a plaintiff who cannot prove conversion also cannot prove statutory theft").   In any event, Plaintiff has not plausibly alleged *any* intent on the part of Allan Grimes to steal any property.

For these reasons, Allan Grimes' motion to dismiss is granted without prejudice, and Plaintiff is granted leave to amend his dismissed claims to the extent they are not precluded by the doctrine of collateral estoppel, as such amendment would be futile. *See Doe v. Columbia Univ.*, No. 1:20-cv-06770-GHW, 2022 WL 4537851, at *14–15 (S.D.N.Y. Sept. 28, 2022).

### C. Lila Grimes

For the same reasons, the Court finds that Plaintiff's claims against Lila Grimes are barred by collateral estoppel. This alone is a basis to dismiss Plaintiff's claims against Lila Grimes under Federal Rule of Civil Procedure 12(b)(6).

The Court also agrees with Lila Grimes that the claims against her are further barred by the statute of limitations and should be dismissed under Federal Rule of Civil Procedure 12(b)(6) as well. *See Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."). The allegedly fraudulent deed conveying the three properties was entered in 2002, and Plaintiff admits he discovered the fraud no later than 2017. *See* ECF No. 14 at 2. Assuming the fraud was indeed "concealed" until then, *see Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 134 (2d Cir. 2000), the latest Plaintiff could have filed suit under the three-year statute of limitations for filing civil actions in the state of Connecticut was 2020, absent any tolling. *See* Conn. Gen. Stat. § 52-577. This action was filed well beyond the statute of limitations, on April 10, 2023.

Plaintiff cites the seven-year statute of limitations period in 18 U.S.C. § 241, which is part of the criminal code and prohibits "conspirac[ies] against rights"—but this statute of limitations in applicable here. This is a civil action, not a criminal action. Plaintiff does not

have standing to bring any claims under this criminal statute. *United States v. Texas*, 599 U.S. 677 (2023) (holding "that in 'American jurisprudence at least,' a party 'lacks a judicially cognizable interest in the prosecution . . . of another'" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) (summary order) (affirming district court dismissal of action because plaintiff "lack[ed] standing to raise civil claims under criminal statutes"). There is no private right of action under 18 U.S.C. § 241. *See Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991), *aff'd* 963 F.2d 1522 (2d Cir. 1992).

There is also no basis to toll the limitations period further. Plaintiffs refers to family circumstances and the COVID-19 pandemic in other filings, though he does not raise any attenuating circumstances in opposition to Lila Grimes' motion to dismiss in particular. *See* Pl.'s Opp. Def. Pearl Greene's Mot. Summ. J., ECF No. 83-2 at 3; Pl.'s Opp. Def. Wells Fargo's Mot. Dismiss, ECF No. 96 at 2. Regardless, nowhere has Plaintiff shown any "due diligence" since learning of the alleged fraud, or any other "extraordinary circumstance" that justifies equitable tolling. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). For example, Plaintiff claims that his family "conspired to hide fraud from [him as a] single parent plaintiff because he lived out of state for 15 years," but it is unclear how this past fraud would continue to impede Plaintiff after he learned of it in 2017. *See* ECF No. 83-2 at 3. Plaintiff did not pursue legal action for about three years, until he brought a state civil proceeding in March of 2020 related to his eviction from 2 Third Street. After the state proceedings subsided in May of 2022, Plaintiff did not file this federal action until roughly a year later, in April of 2023. Even if the period between March 19, 2020, and March 1, 2021, is properly excluded because of pandemic-related tolling, his amended complaint is still untimely because it was not filed until April of 2023. *See Connelly v.*

*Komm*, No. 3:20cv1060 (JCH), 2021 WL 5359738, at *3–5 (D. Conn. 2021) (discussing Executive Order 7G tolling statute of limitations between March 19, 2020, and March 1, 2021).

For these reasons, Lila Grimes' motion to dismiss is granted without prejudice and with leave to amend, to the extent Plaintiff's claims are not precluded by the doctrine of collateral estoppel or the statute of limitations, as such amendment would be futile. *See Doe*, 2022 WL 4537851, at *14–15; *Jones v. City of New York*, 571 F. Supp. 3d 118, 126 (S.D.N.Y. Nov. 29, 2021) ("[A] court may deny leave to amend because amendment would be futile . . . Claims barred by an applicable statute of limitations are futile.").

D.   State of Connecticut

The Court also grants State of Connecticut's motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), as Plaintiff's claims are barred by the Eleventh Amendment.[4]

"Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). As the Eleventh Amendment "restricts the judicial power under Article III," *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72–73 (1996), a motion to dismiss on the basis of

---

[4] The Court denies Plaintiff's motion to add an exhibit to his opposition to State of Connecticut's motion to dismiss, which is a copy of his motion for reconsideration filed in state court. ECF No. 105. What Plaintiff argues in his motion for reconsideration is not relevant to Connecticut's Eleventh Amendment argument.

sovereign immunity under the Eleventh Amendment is properly brought under Rule 12(b)(1). *Long Island Pure Water Ltd. v. Cuomo*, 375 F. Supp. 3d 209, 215 (E.D.N.Y. 2019).[5]

The State of Connecticut has not consented to this suit, nor has Congress unequivocally expressed an intent to abrogate immunity in this instance. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that 42 U.S.C. § 1983, liberally construed to apply to this action, did not abrogate sovereign immunity); *Sargent v. Emons*, 582 F. App'x 51, 52 (2d Cir. 2014) (summary order). Plaintiff's claims for any damages, including punitive damages, against State of Connecticut are therefore plainly barred by the Eleventh Amendment.

The Court notes "[t]here is a well-known exception to this rule—established by the Supreme Court in *Ex parte Young* and its progeny—by which suits for prospective relief against an individual acting in his official capacity may be brought to end an ongoing violation of federal law." *Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020). This exception does not apply to Plaintiff's amended complaint, however, because he only brings claims for damages and claims against the State itself, as opposed to any state official. The Court questions whether Plaintiff would be able to amend his complaint to state a cognizable claim for prospective injunctive relief against a state official when all allegations concern past conduct around the time of the conveyances and state court proceedings. *See Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000) ("[T]he Supreme Court has declined to extend the reasoning of *Ex Parte Young* to claims for retrospective relief."). Nonetheless, to the extent Plaintiff can allege an ongoing violation of

---

[5] As this Court has previously recognized, "[n]either the Second Circuit nor the Supreme Court has definitively determined whether the Eleventh Amendment is to be understood as a bar to subject matter jurisdiction or is 'more appropriately viewed as an affirmative defense.'" *Mallison v. Conn. Office of Early Childhood*, 634 F. Supp. 3d 21, 29 n.2 (D. Conn. 2022) (quoting *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 50 n. 1 (2d Cir. 2020)). *See also Allco Finance Ltd. v. Roisman*, No. 22-2726, 2023 WL 2571965, at *1 (2d Cir. July 18, 2023) (summary order). The Court believes that the opening phrase of the Eleventh Amendment, which provides that the "judicial power of the United States shall not be construed to extend" to certain suits, suggests that the Amendment limits the subject matter jurisdiction of the Court. Recognizing the uncertainty, however, the Court dismisses Plaintiff's claims *without* prejudice. *See Van De Bovenkamp v. Neb. Dep't of Roads*, No. 11 Civ. 6881 (ALC) (DLF), 2012 WL 13389071, at *1 (S.D.N.Y. Mar. 16, 2012).

federal law, he may attempt to do so in his amended complaint against a particular state officer in an official capacity.

In light of this holding, the Court does not reach State of Connecticut's arguments that Plaintiff's claims are also barred under the *Rooker-Feldman* doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 461 (1983), or that Plaintiff's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Roistacher v. Bondi*, 624 F. App'x 20, 22–23 (2d Cir. 2015) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. . . . Having determined that it lacked subject matter jurisdiction, the district court's subsequent consideration of the merits of [plaintiff's] claims was thus a nullity." (internal quotation marks and citation omitted)).

For these reasons, Connecticut's motion to dismiss is granted without prejudice, but without leave to amend further claims against the state of Connecticut for damages, as Eleventh Amendment immunity is a fundamental defect that cannot be cured with additional pleading, absent changed circumstances as to the state's consent or congressional abrogation of immunity. *See Harty v. West Point Realty*, 28 F.4th 435, 444–45 (2d Cir. 2022) (affirming dismissal for lack of jurisdiction without prejudice and without leave to amend).

E.  State of North Carolina

For the same reasons that Plaintiff's claims against State of Connecticut are barred by the Eleventh Amendment, the Court finds that the Eleventh Amendment also bars Plaintiff's claim for any damages, including punitive damages, against State of North Carolina.  *See Green*, 474 U.S. at 68.  Plaintiff's claims must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) without prejudice and without leave to amend,

because amendment would be futile absent the changed circumstances described above. *See Harty*, 28 F.4th at 444–45. Plaintiff may attempt to assert a claim against a North Carolina state official for "prospective relief . . . in his [or her] official capacity . . . to end an ongoing violation of federal law," under the *Ex Parte Young* exception to Eleventh Amendment immunity. *Vega*, 963 F.3d at 281; *see also Ward*, 207 F.3d at 119.

F.   Wells Fargo

The Court also grants Wells Fargo's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because, as it found with regards to Lila Grimes, Plaintiff's claims are barred by the statute of limitations and therefore do not state a plausible claim for relief. *See supra* section II.C. Applying the three-year statute of limitations applicable to civil claims in the state of Connecticut, Plaintiff's claims filed on April 10, 2023, are untimely even assuming that Plaintiff did not learn of the alleged fraud until 2017 and accounting for the tolling that was allowed during COVID-19. *See* Conn. Gen. Stat. § 52-577. There is no basis to toll the status of limitations period further.

Plaintiff's allegations against Wells Fargo also fail to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6), and, by implication, fail to meet the heightened standard for pleading fraud under Federal Rule of Civil Procedure 9(b). At most, Plaintiff alleges that Lila Grimes and Pearl Greene obtained a mortgage from Wells Fargo on a property they were not the rightful owners of; there is nothing specific about acts or omissions by Wells Fargo. "[G]eneral allegations that there was fraud, corruption or conspiracy or characterizations of acts or conduct in these terms are not enough . . . no matter how frequently repeated." *See Space Hunters, Inc. v. U.S.*, 500 F. App'x 76, 79 (2d Cir. 2012) (summary order) (quoting *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir. 1972)).

For these reasons, Wells Fargo's motion to dismiss is granted without prejudice and with leave to amend, to the extent Plaintiff's claims are not barred by the statute of limitations. *See Jones*, 571 F. Supp. 3d at 126.

### III.    DEFENDANT PEARL GREENE'S SUMMARY JUDGMENT MOTION

The Court next addresses the final dispositive motion filed by Defendants, Pearl Greene's motion for summary judgment.   In light of the admissions in Plaintiff's Local Rule 56(a)(2) statement, the Court finds that Plaintiff's claims against Pearl Greene are barred by the statute of limitations and grants summary judgment in her favor, and denies Plaintiff's cross-motion for summary judgment.

####    A.  Legal Standard

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   A disputed fact is material only where the determination of the fact might affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   With respect to genuineness, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing there is no genuine issue of material fact in dispute will be satisfied if the movant can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).   The movant bears an initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. A movant, however, "need not prove a negative when it moves for summary judgment on an issue that the [non-movant] must prove at trial. It need only point to an absence of proof on [the non-movant's] part, and, at that point, [the non-movant] must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 324). The non-moving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his or her favor. *Anderson*, 477 U.S. at 249. If the non-movant fails "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," then the movant will be entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

The same standard applies when defendant moves for summary judgment on the merits of an affirmative defense, as here. *See Giordano v. Mkt. Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

### B. Discussion

In his Local Rule 56(a)2 Statement, Plaintiff admits that Pearl Greene signed a mortgage to obtain a loan in 2003; that Plaintiff found out about this allegedly fraudulent mortgage deed in

March of 2017; and that Plaintiff did not file this lawsuit until April 2023. Pl.'s L.R. 56(a)2 St., ECF No. 83-2 ¶¶ 6, 13–14. Plaintiff does not allege any other conduct by Pearl Greene. Thus, Plaintiff's claim is plainly barred by the three-year statute of limitations embodied in Conn. Gen. Stat. § 52-577.

Plaintiff raises several arguments that the Court had already addressed in granting Lila Grimes and Wells Fargo's motions to dismiss on statute of limitations grounds. *See supra* sections II.C, F. The seven-year statute of limitations period for a "conspiracy against rights" in 18 U.S.C. § 241 does not apply, because Plaintiff does not have standing to bring a claim under this criminal statue. *See Hariprasad*, 788 F. App'x at 786. Any pandemic-related tolling does not account for his delay in pursuing his claims. *See Connelly*, 2021 WL 5359738, at *3–5. There are no allegations of ongoing concealment; Plaintiff admits that it has been six years since he discovered the alleged fraud. *See* ECF No. 83-2 at 3. Despite the personal difficulties that this ordeal has caused Plaintiff, there are no "extraordinary circumstance[s]" that justifies equitable tolling. *Lozano*, 572 U.S. at 10.

Quite simply, statutes of limitations "reflect the judgment that there comes a time when the potential defendant ought to be secure in his [or her] reasonable expectation that the slate has been wiped clean of ancient obligations." *Bouchard v. State Employees Ret. Comm.*, 328 Conn. 345, 361 (Conn. 2018) (quoting *3M Co. v. Browner*, 17 F.3d 1453, 1457 (D.C. Cir. 1994)). Pearl Greene is entitled to summary judgment, and Plaintiff's claims against her are dismissed. As this is a ruling on a motion for summary judgment, the Clerk of Court shall enter judgment for Pearl Greene under Federal Rule of Civil Procedure 54(b) because there is no just reason for delay, and terminate her from this action.

Because Plaintiff raises substantially the same arguments in his cross-motion for summary judgment against Pearl Greene (and, in part, Lila Grimes), ECF No. 84, that motion is denied. Plaintiff's argument that a three-year statute of limitations is "not practical" in family matters, *see* ECF No. 84-2 at 2, cannot save his claim.

## IV.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Having decided that all of Plaintiff's presently pending claims must be dismissed, the Court must consider whether to accept Plaintiff's proposed SAC, or otherwise grant Plaintiff leave to amend his complaint to address the deficiencies identified in this ruling. For the following reasons, the Court will not accept Plaintiff's proposed SAC, but will allow Plaintiff one final opportunity to amend his complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires" but that courts may dismiss complaints without leave to amend if "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Although permission generally is freely given, a court may properly deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal citations and quotations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is considered "futile" if the amendment fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *See, e.g., Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). "A proposed amendment would be futile, for example, if it "destroyed the court's subject matter jurisdiction, failed to state a claim, or asserted claims which are time-barred by the relevant statutes of limitation." *Faryniarz v. Ramirez,* 62 F. Supp. 3d 240, 249–50 (D. Conn., 2014).

In the proposed SAC, Plaintiff continues to make highly conclusory allegations against all Defendants.  On substantially the same facts, Plaintiff now alleges that Defendants are part of a "racketeering" scheme in violation of the Connecticut Corrupt Organizations and Racketeering Activity Act ("CORA"), Conn. Gen. Stat. § 53-393 *et seq*.  *See* Proposed SAC, ECF No. 144 at 1.  In addition, Plaintiff adds a claim for injunctive relief against Defendant State of Connecticut seeking that the state "generate[s] [a] deed to grant 100% ownership [of 2 Third Street]" and "that no tax is charged [for] 22 years," *id.* at 7; and an allegation that the Defendant State of North Carolina was involved through "provid[ing] written instrument to Connecticut via Lila Grimes to evict plaintiff from 2 Third Street residence," *id.* at 4.

Providing Plaintiff leave to file the proposed SAC would be futile because Plaintiff does not have standing to enforce CORA, a criminal statute.  Indeed, the Second Circuit has held that this specific statute does not provide plaintiffs a private cause of action.  *See Dauphinais v. Cunningham*, 395 F. App'x 745, 746 (2d Cir. 2010) (summary order) (holding "claim under [CORA] was properly dismissed because that criminal statute does not provide a private cause of action").

Even if the allegations were liberally construed to also bring claims for fraud and violations of civil rights like the present complaint, the claims would not survive a motion to dismiss for the reasons described above.  The new claims against Defendant State of Connecticut and Defendant State of North Carolina are (at least) barred by the Eleventh Amendment, which prohibits suits against states absent consent to suit or express abrogation.  *See Green*, 474 U.S. at 68.  Collateral estoppel also bars Plaintiff's claims to the extent they rest on the validity of the 2002 deed.  The statute of limitations precludes his claims as well.  There are no allegations

concerning Wells Fargo's conduct after 2017, nor allegations concerning individual Defendants after September of 2018.  *See* ECF No. 44 at 4, 6.

The Court also notes that Plaintiff's motion for leave to amend does not comply with Local Rule 7(f) because it does not "include a statement of the movant that . . . the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or . . . despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movants . . . ."  L.R. 7(f).  Given Plaintiff's repeated failures to comply with local rules, this alone is a basis to deny Plaintiff's motion for leave to amend.  Although Plaintiff is *pro se* and is suffering from financial difficulties, it does not excuse the burdens he has placed on the Defendants in this case.

Nonetheless, because Plaintiff is proceeding *pro se*, the Court will provide Plaintiff an additional opportunity to amend his complaint to address the deficiencies identified in this ruling, however.  "Dismissals without leave to amend are generally disfavored, and *pro se* plaintiffs typically should be afforded an opportunity to amend their complaints."  *McCracken v. Brookhaven Science Assocs. LLC*, 376 F. App'x 138, 139 (summary order) (2d Cir. 2010).  The Second Circuit has upheld dismissals of *pro se* complaints without leave to amend where, similar to here, the district court has conducted a review of the proposed amended complaint and concluded the amendments would be futile.  *See id.* 139–40; *see also Houston v. Manheim-New York*, 475 F. App'x 776, 780 (2d Cir. 2012) (finding district court did not abuse its discretion in dismissing *pro se* complaint without granting leave to amend, because the plaintiff "provided no basis to conclude that his amendment would not have been futile").

The Court dismissed two early versions of Plaintiff's complaint without prejudice to refiling, *see* ECF Nos. 7, 13, and Plaintiff had the benefit of receiving Defendants' motions to dismiss and motion for summary judgment before drafting his proposed SAC.  In many ways, Plaintiff has had "ample prior opportunity to allege a claim."  *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996) ("Plaintiffs were accorded four opportunities to plead their claims in this case, and the deficiencies in their federal claims are fundamental."). The Court is mindful, however, that it may exceed a district court's discretion to deny a plaintiff leave to amend "simultaneously" to granting defendants' motions to dismiss and identifying the deficiencies with the plaintiff's claims.  *See Cresci v. Mohawk Valley Comm. Coll.*, 693 F. App'x 21, 24–25 (2d Cir. 2017); *see also Schvimmer v. Off. of Court Admin.*, 857 F. App'x 668, 673 (2d Cir. 2021) (summary order) ("We have previously held that a district court abuses its discretion by denying leave to amend while simultaneously deciding that the complaint was defective.").

"The proper time for a plaintiff to move for leave to amend the complaint is when the plaintiff learns from the District Court in what respect the complaint is deficient," because "[b]efore learning from the court what are its deficiencies, the plaintiff cannot know whether he is capable of amending the complaint efficaciously."  *Cresci*, 693 F. App'x at 25.  The Court will generously grant Plaintiff that opportunity with the following limitations that have been discussed at length above.

First, the Court has dismissed Plaintiff's claims against the State of Connecticut and State of North Carolina without leave to amend.  Plaintiff should not bring claims against these Defendants in his SAC because they are barred by the Eleventh Amendment and would be futile. Instead, Plaintiff may bring claims against state officials for "prospective relief . . . in his [or her] official capacity . . . to end an ongoing violation of federal law," under the *Ex Parte Young*

exception to Eleventh Amendment immunity.  *Vega*, 963 F.3d at 281; *see also Ward*, 207 F.3d at 119.

Next, the Court has granted Plaintiff leave to amend his claims against Allan Grimes and Lila Grimes only to the extent they are not barred by collateral estoppel.  *See Doe*, 2022 WL 4537851, at *14–15.  Similarly, Plaintiff is granted leave to amend his claims against Lila Grimes and Wells Fargo to the extent not barred by the statute of limitations.  *See Jones*, 571 F. Supp. 3d at 126.

Finally, any claims against Pearl Greene must be based on different or new conduct, because she moved for, and is entitled to, summary judgment based on Plaintiff's admissions in his Local Rule 56(a)2 Statement.  To reassert claims against Pearl Greene premised on the same allegations, Plaintiff would need to meet Federal Rule of Civil Procedure 60(b)(6)'s stringent standard for relief from a judgment, in addition to satisfying Rule 15(a)'s more liberal standard for amendment.  *See Honickman v. BLOM Bank SAL*, No. 22-1039, 2024 WL 852265, at *2 (summary order) (2d Cir. Feb. 29, 2024).

## VI.    REMAINING MOTIONS

There are five remaining motions filed by Plaintiff:  (1) a motion for a summary judgment against Lila Grimes, Allan Grimes, and Pearl Greene, ECF No. 88; (2) a motion for summary judgment against Wells Fargo, ECF No. 97; (3) a motion for summary judgment against State of North Carolina, ECF No. 102; (4) a motion for summary judgment against State of Connecticut, ECF No. 104; and (5) a motion for summary judgment, for a holding that all Defendants operated as part of a racketeering enterprise, ECF No. 131.

The first four motions are denied as moot, because the Court has dismissed Plaintiff's claims against these Defendants.  The fifth motion, seeking a holding that Defendants operated

as a racketeering enterprise, is denied as premature.  At the time it was filed, Plaintiff had yet to file his motion for leave to file the SAC bringing a racketeering claim against Defendants.  For the reasons described *supra*, that motion has been denied.

## VII.    CONCLUSION

For the reasons described herein, Defendant Allan Grimes' motion to dismiss, ECF No. 38, Defendant Lila Grimes' motion to dismiss, ECF No. 39, Defendant State of Connecticut's motion to dismiss, ECF No. 71, Defendant North Carolina's motion to dismiss, ECF No. 74, and Defendant Wells Fargo's motion to dismiss, ECF No. 77, are GRANTED.  Plaintiff's motion to add an exhibit in response to Defendant State of Connecticut's motion to dismiss, ECF No. 105, is DENIED.

Plaintiff's motion for leave to amend, ECF No. 144, is GRANTED IN PART and DENIED IN PART, as the Court will not accept Plaintiff's proposed SAC but will provide Plaintiff one additional opportunity to file a complaint addressing the deficiencies identified in this ruling.  The Clerk of Court is directed to terminate Defendant State of Connecticut and Defendant State of North Carolina from this action, as it has dismissed Plaintiff's claims against these two defendants WITHOUT LEAVE TO AMEND.

Defendant Pearl Greene's motion for summary judgment, ECF No. 62, is GRANTED. Plaintiff's cross motion for summary judgment, ECF No. 84, is DENIED.   The Clerk of Court shall enter judgment for Defendant Pearl Greene under Federal Rule of Civil Procedure 54(b) because there is no just reason for delay, and terminate her from this action.

Plaintiff's first four motions for summary judgment, ECF Nos. 88, 97, 102, and 104, are DENIED as MOOT.  Plaintiff's fifth motion for summary judgment, ECF No. 131, is DENIED as premature.

Plaintiff may file a third amended complaint by **April 19, 2024**.


**SO ORDERED** at Hartford, Connecticut, this 29th day of March, 2024.


 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE